# COOK *v.* MANN.

*(Supreme Court of Colorado, December Term, 1881—Error to the District Court of Arapahoe County.)*

1. STATUTE OF FRAUDS—SALE AND DELIVERY OF PERSONAL PROPERTY. When the subject of the sale does not admit of actual delivery, it is sufficient if the vendee assume control and dominion of the property, so as reasonably to indicate to all concerned the change of ownership.

2. SAME—SAME. The vendee must take the actual possession, and the possession must be open, notorious, and unequivocal—such as to apprise the community, or those accustomed to deal with the party, that the goods have changed hands, and that the title has passed out of the seller and into the purchaser. This must be determined by the vendee using the usual marks and *indicia* of ownership, and occupying that relation to the thing sold which owners of property generally sustain to their own property.

3. SAME—SAME. The possession must be exclusive of the vendor. A concurrent or joint possession is not admissible.

ELBERT, C. J. Counsel for the plaintiff in error do not question the *bona fides* of the sale by Haywood to Mann. They charge no fraud in fact, but fraud in law.

The contention is, that there was no such delivery to Mann of the goods sold, and no such "actual and continued change of possession," as are required by the statute of fraud.

Section 14 of the Statute, provides that "every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and this presumption shall be conclusive." Gen. Laws, Sec. 1264.

Upon the questions of "the delivery" and "the actual and continued change of possession" required by the statute, the books are full of decisions.

We do not propose to review them. It is sufficient for the purposes of this case to say: (1) When the subject of the sale does not reasonably admit of an actual delivery, it is sufficient if the vendor assume the control and dominion of the property

so as reasonably to indicate to all concerned the change of ownership.

The case of goods in a warehouse, brick in a kiln, and lumber in a raft, are familiar illustrations where removal is not impossible but unusual, and out of the regular course of trade.

In such cases, if there is a full surrender upon the part of the vendor, and a full assumption upon the part of the vendee of the control and dominion of the subject of the sale, the delivery is sufficient.

(2) The vendee must take the actual possession, and the possession must be open, notorious, and unequivocal, such as to apprise the community, or those who are accustomed to deal with the party, that the goods have changed hands, and that the title has passed out of the seller and into the purchaser. This must be determined by the vendee using the usual marks and *indicia* of ownership, and occupying that relation to the thing sold which owners of property generally sustain to their own property. *Claflin et al.* v. *Rosenberg et al.*, 42 Mo., 439.

(3) The possession must be exclusive of the vendor. A concurrent or joint possession is not admissible. *McKibbin* v. *Martin*, 64 Penn., 352; *Chaplin et al.* v. *Rosenberg et al.*, 42 Mo., 439, and cases cited.

We find no difficulty in saying in this case that the requirements of the statute were fully satisfied.

Haywood was in business at No. 228 Fifteenth street, and on the 31st of December sold his entire stock of boots and shoes to Mann, for $4,800. An invoice was made and delivered on the 31st, and the following day Mann took possession of the goods and the store room in which they then were. He immediately placed his sign, " J. O. Mann & Co.," over the door, and continued the business at this place for about two months, paying rental for the store room. He then rented a store room at No. 284 Fifteenth street and moved the goods (all he had not sold), with others he had added to the stock, to that place, where he continued business under the same firm name two or three months longer, and until they were attached as the goods of Haywood.

During all this time his control and charge of the goods was such as is usual with persons engaged in merchandise in their own name and behalf. With but slight exceptions he was daily

at his store superintending, directing, and managing his business.

All the *indicia* of ownership usual in mercantile business were present, and there was a complete change of the control and dominion of the property.

It was not necessary in order to a complete transfer or actual possession that the goods should be moved to some other store room—this would be an unusual requirement—nor was there any objection, the whole law being complied with, to the employment of Haywood, the vendor, to assist him in the conduct of the business as clerk.

It is true that the possession of the vendee must be exclusive; that a joint or concurrent possession of vendee and vendor is not permitted. But it is also true that "the hired clerk or salesman is no more in the possession of the goods of his employer than the hired laborer is in possession of the farm on which he is employed to work." Cases cited, *supra.*

We think the instructions of the Court fairly gave the law to the jury. Whether under the evidence the sufficiency of the delivery and possession was matter of law for the Court, we need not consider. If error, it was error without prejudice, and not ground for reversal.

These are the only assignments that need be considered.

The judgment of the Court below is affirmed, with costs.

*W. A. Hardenbrook*, for plaintiff in error.
*Browne & Putnam*, for defendant in error.

---

## OFFICIAL AND AUTHENTIC.

We are authorized by the Justices of the Supreme Court of Colorado, and by Judge Hallett, of the United States District Court, District of Colorado, to announce that they will read, revise and correct, the proofs of all opinions and rulings of their respective Courts which may be published in the REPORTER; so that the Profession will understand that all these will be official and authentic.

---

## BOUND VOLUME.

Vol. I, COLORADO LAW REPORTER, bound in sheep, containing full index, will be sent postpaid on receipt of $6. Those sending us all the back numbers can have them bound, in sheep, for $1.

WHIPPLE & PIERSON, Publishers,
Denver, Colo.