### BUTLER ET AL. v. HOWELL.

1. CORROBORATIVE TESTIMONY — PORTION OF DESTROYED NOTE.— In an action involving the validity of the sale of a stock of goods as to the seller's creditors, a piece of a promissory note signed by the seller is admissible in corroboration of the purchaser's testimony that the seller had been indebted to her for some time before the purchase of the goods, for which indebtedness he had executed his promissory notes; that these notes were surrendered to the seller at the time of the sale as a part of the purchase price and by him torn up; and that the purchaser had picked up the piece offered in evidence.

2. COMPETENT WITNESS OF VALUE.— One who has been engaged in the merchandising business for five or six years, and who has purchased the entire stock in question at a sheriff's sale, is a competent witness as to its value.

3. PROOF OF CHANGE OF POSSESSION.— Evidence that after the sale the purchaser continually replenished the stock while continuing the business in her own name is admissible on the question of change of possession of the stock from the seller to the buyer. And evidence that the purchaser took immediate possession of the stock of goods at the time of the purchase, and retained it until the levy of the attachments at the instance of the creditors of the vendor, ten days after the sale, keeping up the stock and personally waiting on customers in the meantime, the seller exercising no control over the business after the sale, is sufficient evidence to warrant a finding by the jury that there had been a change of possession, though other witnesses in the neighborhood had not noticed the change.

*Appeal from District Court of Summit County.*

THE facts of this case may be briefly stated as follows: For some time prior to August 8, 1887, the appellee, Mrs. Howell, then Mrs. Mary Weinart, was engaged in conducting a confectionery store in the town of Montezuma, Sum-

mit county, Colorado. Almost or directly opposite to her place of business was a general merchandising store, belonging to one B. Marks, the stock in which consisted of boots and shoes, hats, caps, clothing, dry goods, groceries, etc. The appellee claims that prior to said date she advanced and loaned to the said Marks large sums of money, aggregating the sum of $1,700 or $1,800; that upon that date, to wit, August 8th, she, failing to receive payment of the money so advanced by her, bought out said store and took possession thereof, giving to Marks credit for the sum of $1,200 on his indebtedness to her.

The appellants Butler Bros. were a firm engaged in the business of merchandising in Denver, Colorado, and at and prior to said time they were the creditors of said Marks; and appellant Daniel Hanley was the sheriff of said Summit county. About the 16th day of August, 1887, Butler Bros. commenced an action in attachment against the said Marks, in the district court of Arapahoe county, to recover from said Marks the sum of $638.71, and, a writ of attachment having been duly issued in said cause, the same was forwarded to Hanley, as sheriff of said county, for service, and was by him levied on said stock of goods as the property of Marks. Afterwards the complaint in this action was filed by the appellee, she claiming to have been the owner of said property. The suit was brought for the purpose of recovering from appellants the value of the stock of goods so seized by the sheriff, the same having been, in the meantime, sold to satisfy the judgment rendered in the attachment suit.

To this complaint answers were filed by the appellants setting up the claim that the property, at the time the same was levied upon and taken, was in truth and in fact the property of Marks; and that the same was so seized and taken under and by virtue of the writ of attachment issued in the suit against him; that the pretended transfer of said goods by Marks to appellee was fraudulent, and was

made for the purpose of hindering, delaying and defrauding the creditors of said Marks, particularly these appellants, to wit, Butler Bros.

The cause was tried to a jury, and a verdict returned in favor of appellee for $1,200.

A motion for a new trial was overruled by the court, and appellee, having remitted the sum of $200 from the amount of the verdict rendered by the jury, judgment was entered in her favor for $1,000, from which judgment this appeal is prosecuted.

Messrs. J. H. RICHARDS, B. F. MONTGOMERY and PATTERSON & THOMAS, for appellants.

Messrs. HARVEY RIDDELL and SAM W. JONES, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

The first error assigned relates to the admission in evidence of a certain exhibit. This exhibit, which was admitted over the objection of appellant, appears to be a part of a promissory note signed by Marks. It was shown to be in Marks' handwriting, and was admitted, in connection with the testimony of appellee, solely for the purpose of showing that there had been a series of business dealings between Marks and herself. We think the testimony competent in view of the nature of the issues. Appellee's title was attacked on the ground of fraud, and for failure of consideration. It was proper, under the circumstances, for appellee to show that she had given a good consideration for the property, and the portion of the note introduced was competent in corroboration of the testimony upon this point. Appellee testified that Marks had been her debtor for some time prior to the purchase by her of the property in controversy; that to evidence said indebtedness he had executed to her several promissory notes, which were surrendered up to Marks at the time of the purchase of the stock of goods from him as a part of the purchase price, and by

him torn up; that she had afterwards picked up one of the pieces containing a portion of one of said notes, and that this was the piece.

When the witness Porges was on the stand the appellee propounded to him this question: "What is the value of these goods?" The witness was allowed to answer the question against the appellants' objection, and the action of the court in permitting such answer is made the basis of the second assignment of error. It is contended here that this testimony was improperly admitted, for the reason that no sufficient foundation was laid to warrant the witness to give an opinion upon the question of value. It does not appear that this objection was made in the court below, at least not in its present form, and for this reason it must be denied. If the specific objection had been made at the trial, we doubt not the competency of the witness would have been more fully established. We think, however, sufficient appears to show that the witness was qualified to testify as to the value of the property in controversy. In answer to preliminary questions, the witness stated that he had been engaged in the merchandising business in the neighboring town of Dillon for six years; that he attended the sheriff's sale and purchased the entire stock in controversy. He further said that he estimated the value upon the basis of first cost, freight, etc. We think the testimony was properly admitted.

The third assignment of error is the same as the second and need not be separately considered.

The fourth relates to the introduction in evidence of the bill of sale for the goods in controversy, given by Marks to the appellee, and is abandoned in this court.

The fifth relates to the introduction in evidence of a certain bill for merchandise purchased by appellee after she took charge of the Marks stock. The bill appears to be in form of a monthly statement, such as it is usual for wholesale merchants to send out to their customers at the end of each month. We think the testimony was properly ad-

mitted. The real controversy in the case is upon the suffi-
ciency of the change of possession from Marks to appellee.
The fact that appellee was continually replenishing the
stock while conducting the business in her own name was
a proper circumstance for the consideration of the jury. It,
perhaps, should be given but slight weight; but the ques-
tion here turns upon its admissibility and not upon the
weight to be accorded it.

The remaining assignment of error relates to the instruc-
tions given by the court to the jury. It is not necessary to·
consider these instructions in detail. It is sufficient to say
that they fully and accurately state the law applicable to
the facts as presented, as the same has been declared in re-
peated decisions of the court. *Cook v. Mann,* 6 Colo. 21;
*Wilcox v. Jackson,* 7 Colo. 526; *Bassinger v. Spangler,* 9
Colo. 175.

The question upon the sufficiency of the change of pos-
session was fairly submitted to the jury, and decided against
appellants. It is in evidence that at the time of the sale
she took possession of the property, locked up the store-
room containing the goods, and retained the key until the
levy of the attachment writ; that, between the time of the
purchase by her and the levy, the store remained closed the
greater part of the time; that when purchasers came for
goods she went from her place of business opposite to the
Marks store, and there waited upon them; that she replen-
ished the stock as occasion required with goods purchased
by her; that Marks did not, after the sale, exercise any
control or supervision over the business, although at times,
when requested, he came to the store for the purpose of
pointing out certain goods with which appellee was not fa-
miliar.

To overthrow the testimony, a number of witnesses liv-
ing in the neighborhood were called by appellant, and tes-
tified that they had not noticed any change in possession,
but, upon further examination, the means of information of

these witnesses was shown to be very meager, and the testimony correspondingly weakened. Under these circumstances, the finding of the jury in appellee's favor upon the question of change of possession cannot be disturbed.

Finally, the judgment is challenged as being excessive. The opinion of the witnesses varied materially as to the value of the goods. The jury, in the verdict, placed the value at $1,200, the price which, according to the testimony, appellee paid for the property. And it is in evidence that the goods were actually worth this amount, although some witnesses placed the value lower. Judgment was finally entered for $1,000 and costs. We cannot say, under the circumstances, that the same is excessive. The judgment will be affirmed.

*Affirmed.*