## ANDERS, APPELLANT, v. BARTON, APPELLEE.

1. STATUTE OF FRAUDS.
A sale of chattels not followed by an actual and continued change of possession, is void as against the creditors of the vendor.
2. SAME.
The giving and recording of a chattel mortgage by the vendee of chattels

to whom possession thereof was not given, does not take the sale out of the operation of the statute.

*Appeal from the District Court of Arapahoe County.*

AN action in replevin to recover the possession of office furniture, pictures, library, etc., being the furniture, appliances, library in a doctor's office.

It appears that G. K. Hassenplug was a doctor, a specialist in some diseases, had been in the practice of his profession for several years in the city of Denver, having his office in the same building during the entire time ; that Frank A. Hassenplug was the brother and assistant, having his office with him. At the time this controversy arose the brother had been but a few months in the office.

Appellant was the brother-in-law of the Hassenplugs, and a salesman in a commercial house in the city. Appellee was the sheriff of Arapahoe county, and by virtue of a writ of attachment in the suit of Sydney B. McClurken *v.* G. K. Hassenplug, levied upon and took possession of the property in controversy. It is claimed by appellant that the chattels in controversy were, by G. K. Hassenplug, sold and transferred to his brother, F. A. Hassenplug, for a valuable consideration and became his property ; that also for a valuable consideration the property was sold and transferred by Frank A. Hassenplug to the appellant.

A complaint in the ordinary form under the Code was filed, to which appellee answered, setting up his official position, the suit of McClurken *v.* Hassenplug, and having taken the goods upon attachment and justified under such writ, denying the ownership of the goods by the appellant, and affirming the title to have been in G. K. Hassenplug.

In the second answer is a further averment that appellant claims the goods by reason of a sale from Hassenplug to him ; that if any such sale or assignment was made, " it was not accompanied by an immediate delivery of said goods and chattels, or any delivery thereof. That there has never been any actual and continued change of possession of said goods and

chattels." Further, "that said conveyance, or assignment
of said goods and chattels, were made with the intent to hin-
der, delay and defraud said McClurken, one of the creditors
of said Hassenplug, of his lawful suit and said debt. That
no consideration was paid by said Anders to said Hassenplug
for said goods and chattels, nor to any one else. That said
transfer and conveyance to said Anders was simply a cover
and subterfuge, and the said Anders has not and never had
any interest whatever in said goods and chattels, but this
defendant alleges that he took said transfer, if at all, with
the intent to delay and defraud said McClurken."

A replication was filed, traversing the special allegations
contained in the answer. The issues so made were tried by
the court without a jury, resulting in a judgment for the de-
fendant, and an appeal prosecuted to this court.

Mr. ROBERT E. FOOTE, for appellant.

Messrs. DOWD & FOWLER, for appellee.

REED, J., delivered the opinion of the court.

Counsel for appellant relies in argument upon five assign-
ments of error. Upon examination it will be found that the
five can be consolidated into one—that the court erred in
finding for the defendant. The solution depends entirely
upon the evidence, and the cardinal facts are undisputed.

G. K. Hassenplug was the original owner of the property,
and had been for an indefinite time. He transferred it or
attempted to, by a bill of sale to his brother; he claimed for
a cash consideration of $1,000, but still retained the posses-
sion. Being pressed for a security for an indebtedness, and
not wishing the name of Hassenplug to go upon record as a
mortgagor, as it might impair credit, the parties cast about
for some escape. It is first contemplated to make the title to
the chattels over to a young lady, a typewriter in the office,
but she being found to be of the tender age of fifteen years

it is abandoned—then appellant is selected.   Frank A. Has-
senplug made a bill of sale to him, and he immediately
executed a chattel mortgage to secure the debt of G. K. Has-
senplug, and united with him in making the note.   The pos-
session continued to remain in G. K. Hassenplug up to the
time of levying the attachment.   The claims of the mortgagee
are not involved in the controversy.

It is claimed by appellant that both of the Hassenplug
brothers were indebted to him for board, and that the two
bills was the consideration by him paid for the property.   If
such was the case it was unfortunate that he should, at once,
be required to convey the property by mortgage to secure the
debt of G. K. Hassenplug.   Saying nothing of the shuffling,
evident collusion and doubts thrown over the *bona fides* of
the two sales, it is evident that the judgment of the lower
court must be affirmed.   It is not claimed that any posses-
sion was ever delivered to either of the supposed purchasers.

Our Statute of Frauds & Perjuries, Vol. 1, p. 1247. sec.
2027, Mill's Ann. Stat. is as follows : " If no delivery and no
change of possession, void.   Every sale made by a vendor
of goods and chattels in his possession or under his control,
and every assignment of goods and chattels, unless the same
be accompanied by an immediate delivery, and be followed
by an actual and continued change of possession of the things
sold or assigned, shall be presumed to be fraudulent and void,
as against the creditors of the vendor, or the creditors of the
person making such assignment, or subsequent purchasers
in good faith, and this presumption shall be conclusive."

The statute and its construction in *Cook v. Mann*, 6 Colo.
21, *Wilcox v. Jackson*, 7 Colo. 521, and *Bassinger v. Spangler*,
9 Colo. 175, are conclusive of this case.

Nothing appears in *Sweeney v. Coe*, 12 Colo. 485, or *Herr
v. M. & M. Co.*, 13 Colo., 406, cited by counsel, to modify or
in any way change the former decisions cited.   The statute
itself is so plain and unequivocal, no interpretation or con-
struction is required.

It is claimed by the learned counsel that the mortgaging

of the property by appellant and the recording of the mortgage, took it out of the operation of the statute by giving notice of the ownership, etc. We cannot see how it in any way affected it. If neither F. A. Hassenplug nor appellant had any title, appellant could not make one by executing and recording a mortgage of that property, any more than he could of the property of any other person. How would the making and recording of a chattel mortgage of a long list of chattels by appellant, be notice to anybody of the identity of the chattels with those in the possession and use of G. K. Hassenplug? If, as contended, the mortgage and recording was notice, they would be no notice that they were the goods in controversy; the legal supposition being that possession was in the mortgagor.

The judgment will be affirmed.

*Affirmed.*