Bissell, P. J.,
delivered the opinion of the court.
This suit springs from the assertion of conflicting claims by a vendee and an attaching creditor of Boehm and Com' pany.
*7 March 9,1892, Boehm and Company were wholesale liquor dealers in Denver, and the transaction out of which this controversy sprung occurred on that date. Weinberger and Alexander were retailers in the city, and went to the wholesale house to buy goods. They asked to purchase one barrel of whisky. For some unexplained reason and one not easily inferable from the record, Boehm and Company declined to make the sale, and refused to sell less than five barrels in a lot. The purchasers thereupon agreed to take the five barrels; one barrel was ordered sent to their store and the remaining four were left with Boehm and Company. The only assigned reason for leaving those four barrels' was the lack of room in Weinberger and Alexander’s place. As the transaction is stated by the witnesses, Boehm and Company were directed to send one ban-el on the day of the sale to the vendees’ place of business, and the vendees agreed to call on the ensuing Monday for the balance. The goods were not paid for at the time, though Weinberger and Alexander gave their notes for the purchase price of the. entire lot. When the sale was concluded, Boehm and Company rolled the four barrels away from the remaining whisky, with which it had been before intermingled, marked them with chalk and stamped thereon the ivords “ Log Cabin,” which was the name under which Weinberger and Alexander were accustomed to sell their goods. The transaction was noted in the internal revenue book kept by the sellers and purchasers, and a copy of the gauger’s receipt was delivered to the vendees. This-is substantially a statement of the transaction, and about it the witnesses did not differ. The case almost amounts to one tried on an agreed statement of facts, consequently the question presented to the court is a naked one of law, and its resolution must settle the rights of the parties. Before the following Monday, which was the 14lh of the month, a writ of attachment was issued at the suit of some creditors of .Boehm and Company, knd levied on the goods in their place of business. The four barrels spoken of were taken under the writ. Thereupon, Weinberger and Alexander brought *8 replevin against the sheriff to recover this whisky, and the sheriff justified under his writ.
It has already become very manifest that the sole matter to be determined is, whether the sale is within the statute of frauds and therefore void, or whether the vendees took good title to the property by reason of what occurred when the sale was made. . The law on this subject has been so frequently declared in this state that there is no room left for construction or analysis, and the only duty that remains is to state and apply well settled principles. Cook v. Mann, 6 Colo. 21; Wilcox et al. v. Jackson, 7 Colo. 521; Bassinger v. Spangler, 9 Colo. 175; Atchison v. Graham, 14 Colo. 217.
These cases clearly decide that under our statute wherever there is a contest between a vendee of personal property and an attaching creditor, the vendee must be able to establish that there was an immediate transfer of the possession of the property which he bought, or that there were some circumstances connected with the transaction which rendered a literal compliance with the. statute impossible. The possession must of necessity be always subject to the variations naturally and necessarily resulting from the character of the property which is the subject of the sale. It must, so far as is ■consistent with the situs and nature of the thing sold, be ' open and visible, and so transferred as to apprise the world of the change in ownership. The directions of the statute are plain and specific, and they leave no possible room for construction. As it was put by the late Chief Justice Beck, ■ the statute “ admits pf no excuse for leaving personal chattels ■ capable of manual delivery and removal in the apparent pos- ■ session of the vendor.” This statement has likewise been amplified, and the Supreme Court has declared that in order to accomplish this change of possession which is essential to a transfer of the title, the property itself must be removed from the custody and control of the vendor wherever removal be possible, and notwithstanding any expense or hardship this removal may entail. These expositions of the statute ■ render our duty plain and the elaboration of the law totally *9 unnecessary. We are only required to determine whether the evidence produced established the change of possession which these authorities hold to be absolutely essential to a valid sale. If the case rested upon conflicting testimony, and the verdict of the jury had settled the question in favor of the plaintiff under proper instructions, the case would not have been so simple. Wherever, as here, there is no dispute concerning the facts, and they do not establish the title of the vendee, a verdict in his favor should not be upheld. We are of the opinion that, under the circumstances of this case, the sale was clearly void under the statute. The thing sold consisted of chattels capable of easy and immediate delivery. The excuse for leaving the property in the possession of Boehm and Company is without the merit of probability, and though it might be absolutely true would not be a justification sufficient to take the case out of the statute. To acquire a good title as against the attaching creditors of Boehm and Companj*, Weinberger and Alexander were bound to take the whisky which they bought and remove it from the store of the vendors. The instructions ivhich the court gave to the jury were clearly erroneous, since the validity of the sale was made to turn largely on the good faith of the parties. As the Supreme Court has frequently decided, the question of good faith does not enter into the transaction. The question is always nakedly one of a change of possession, such as shall afford visible notice to the world of a change of ownership. We do not deem it necessary to review these instructions in detail, for upon a retrial, should it occur, the jury are not likely to be orally instructed as to the law, and the court will probably not fall into a similar error.
Some question was made on the argument concerning the sufficiency of the allegations and the proof of the rights of the plaintiff in the attachment suit. It is possible that an objection of this sort would be available where the vendee took issue as to the existence of the debt for the collection of which the suit was instituted. But it seems to us evident from the record and proof that Boehm and Company were *10 indebted to the First National Bank, which brought the attachment suit. In any event, if this is an important and serious matter, the question of the rights of 'the parties can be amply protected on the subsequent trial, which must be had under this decision. We would not feel inclined to affirm a judgment which was manifestly wrong on the proof, even though we might conclude that 'the sufficiency of the proof upon a question of this sort could legitimately be made a proper subject of debate. The case is not so defective in this particular as to compel us to affirm the present judgment.
Since the title of the plaintiffs in replevin was not established by sufficient competent testimony, and upon the case made the sale was void under the statute, the judgment will be reversed and the case sent back for a new trial.

jReversed.