Pearson,, O. J.
 

 The deed of gift, which was duly registered, vested the title of the slave in the defendant, Caleb F. Hall. For the purpose of setting this deed aside, or of converting the said Caleb into a trustee, the plaintiff alleges that he afterwards bought the slave from the defendant, Drury Hall, for a valuable consideration, and that the deed of gift was executed by the said Drury Hall, Avith an intent to defraud the plaintiff. The case does not come within the provisions of the 27th Elizabeth, for the protection of subsequent purchasers; that statute being confined to land, and if we suppose that equity will protect a subsequent purchaser of a slave, for valuable consideration, against a prior voluntary convejance which was executed in
 
 contemplation
 
 of such subsequent sale, the proof in the case fails to support the allegation that the deed of gift, in this instance, was made in contemplation of the sale to the plaintiff. Eight years intervened between the gift and the sale. This excludes the inference that the one was made in contemplation of the other, and the circumstance, that the slave continued in the possession of the donor, is fully accounted for by the fact that the son was of very tender years, and lived with his father, and the slave, who was also a mere child — too young to be hired out, lived there also.— Upon the whole evidence, we are satisfied, that at the date of the deed of gift, it was not in the contemplation of the donor to defraud the plaintiff, or any other subsequent purchaser, and as the deed was duly registered, we can only account for his afterwards being able to cheat the plaintiff, by the fact of his offering to sell the slave for about one half of his value — the consideration paid being §375, and the value, according to the testimony, some six or seven hundred dollars. So, it was the misfortune of the plaintiff to have been lrnred into a speculation without taking the pains to prosecute the enquiry which ought have been suggested by the very low sum for which the defendant, Drury, was willing to sell.
 
 *29
 
 However this may he, there is nothing to affect the conscience of the donee, Caleb F. Hall, and no ground upon which, in Equity, he can be decreed to give np his title to the plaintiff.
 

 The bill must be dismissed, but without costs as to Drury Hall. The other defendants are entitled to costs.
 

 Pee Cueiam, Bill dismissed.