# LAWSON *v*. VAN AUKEN *et al.*

(*Supreme Court of Colorado, December Term, 1881—Error to the District Court of Clear Creek County.*)

1. INSTRUCTIONS are never to be given, except upon some state of facts disclosed by the evidence.

2. After the case has gone to the jury, a plaintiff cannot interpose and recover on a new cause of action by means of an instruction.

STONE, J. Plaintiff, Lawson, sued the defendants before a justice of the peace, to recover unliquidated damages for alleged injury to a team of horses let to defendants for the purpose of a trip from Georgetown to Leadville and return.

The summons issued out of the justice's court, commanded the defendants to appear "to answer to the complaint of Alexander Lawson, for damages for injuries done a team of horses let by him to you, for a failure to pay him a certain demand, not exceeding three hundred dollars for said trespass."

The transcript of the justice recites, that at the trial "the plaintiff stated that his demand was for damages done a team hired to defendants, and damages laid at $300;" that upon hearing the evidence, the Court finds:

*First*—That defendants hired of plaintiff a team to go to Leadville.

*Second*—That, in making the trip, they over-drove and cruelly used the team, and damaged the same at least fifty dollars, and—

*Third*—That the defendants knew the condition of the team, "and the extent they were suffering during the trip;" and the judgment is then set out as follows:

"Wherefore, the Court adjudges that the defendants acted wilfully in the premises, that they pay to the plaintiff damages in the sum of fifty dollars, and the costs of the suit, and that execution issue therefor, and that in default of payment of the same, the bodies of defendants be taken and held in satisfaction of said damages and costs."

Defendants appealed to the District Court, where the case was tried by jury, and verdict rendered for the defendants. To reverse the judgment entered upon said verdict, the principal errors assigned are in the giving and refusing certain instructions by the Court.

In respect to the assignment of error in the exclusion of testimony, the plaintiff was not prejudiced thereby, since ample testimony was heard on both sides touching the condition of the team, before, during, and after the trip.

The following instruction, asked by plaintiff, was refused by the Court:

"Should you, from the evidence, believe that the defendants' treatment of either of the horses amounted to cruel and tortuous usage, then you are at liberty to award exemplary damages, or 'smart money,' the object of which is to allow more than the actual damages, and thus impose a punishment for acts of cruelty and torture to beasts. The allowance of exemplary damages, as well as the amount, rests in the discretion of the jury."

There is nothing whatever in the testimony to warrant the giving of this instruction; no cruel treatment was shown, and instructions are never to be given except upon some state of facts disclosed by the evidence in the case.

Another instruction refused, and complained of, is:

"If the jury believe from the evidence, that the team was put to any other, or greater use, or service than that for which it was hired, that the defendants are liable for any injury that may have been occasioned to the team by such extra use and service."

This, like the other instruction, is not based upon any evidence in the case, and was properly refused.

Another instruction refused is as follows:

"The Court instructs the jury, on the part of the plaintiff, that if from the evidence, they believe that defendants hired a team of plaintiff to take a trip, and that the hire of the team was agreed upon, and the price fixed at $3 per day, and that such price has not been paid, or paid only in part, then, and in that case, the plaintiff should have judgment for any amount that so remains due and unpaid."

There was no error in refusing this instruction. The summons gave the defendants notice to answer to a claim for injury to the property of the plaintiff, nothing more. The transcript of the justice's proceedings fails to show that the plaintiff, upon trial there, based his claim upon anything aside from this alleged injury. The justice, in his findings, makes no allusion to the terms of the hiring, the contract price for the use of the team, nor of any sum paid, or balance due therefor, and the judgment is

rendered solely for damages for willful injury to the team. At the trial in the District Court, it does not appear that notice was in any way given to defendants that they were called upon to defend to any other or further claim than that of plaintiff in the justice's court.

After a cause has gone to the jury, a plaintiff cannot interpose and recover upon a new cause of action by means of an instruction.

The giving of the following instruction on behalf of defendants is also assigned for error:

"The Court instructs the jury, that the nine dollars for three extra days, is not sued for and cannot be recovered in this case."

After what we have said respecting the preceding instruction, it follows that there was no error in the giving of this last one.

We think the verdict was fully warranted by the evidence in the case, and perceiving no error in the record, the judgment of the Court below is affirmed.

Mr. Justice Beck, having presided at one of the trials of this case in the District Court, took no part in this decision.

*W. T. Hughes*, for plaintiff in error.

*R. S. Morrison*, for defendants in error.