DEERE & CO. v. NEEDLES, DEFENDANT, AND FISHER, INTER-
                        VENOR.

65   101
93   483
65   101
107  246

65   101
119  644

1. **Appeal to Supreme Court:** SUFFICIENCY OF ABSTRACT.   An abstract which recites that it is an abstract of all the evidence, and that, within the time fixed by the court, the appellant filed his bill of exceptions, " embracing all the foregoing testimony and record," is sufficient, without stating that the bill of exceptions was properly authenticated when it was filed; for that will be presumed.

2. **Exceptions to Instructions:** HOW AND WHEN MADE.   Exceptions to instructions, made by appellant in a motion for a new trial on the same day when the verdict was returned, setting forth the grounds of his exceptions, were made in time, and were sufficient, under Code, § 2789.

3. **Fraud:** IN TRANSFER OF CHATTELS: EVIDENCE.   Fraud may be established by circumstantial evidence.   Accordingly, the fact that F. bought a horse, harness and buggy of N., who was largely indebted, when he (F.) had no use for the property, and the fact that he soon returned the property to N. to be used as his own, were proper to be submitted to the jury upon the question of the good faith of the transaction between them.

4. **Sale of Chattels:** POSSESSION: LOAN TO SELLER: NOTICE: CODE, § 1923.   A sale of personal property, accompanied with delivery and possession, may be valid, without the general public's having any knowledge upon the subject, and without the sale's being evidenced by any written, acknowledged and recorded instrument.   (Code, § 1923.)   All that the statute requires is that there shall be such a change of possession as shall give to parties dealing with the seller or buyer notice of the transaction.   Accordingly, where one in good faith purchases chattels and takes possession thereof, he may afterwards loan or hire them to the seller without making them subject to attachment for the seller's debts.

*Appeal from Cass Circuit Court.*

FRIDAY, OCTOBER 24.

The plaintiffs commenced an action by attachment against the defendant, G. M. Needles, and attached a horse, buggy, and harness.   E. G. Fisher intervened in the action, claiming that he was the absolute owner of the property, by purchase from the defendant, Needles.   The plaintiffs, in their answer to the petition of intervention, claimed that the pre-

tended purchase of the property by Fisher was without consideration, and made with the intent to hinder, delay, and defraud the creditors of Needles. They also claimed that said Needles retained possession of the property, and that there was no record of any bill of sale thereof. There was a trial by jury, and a verdict and judgment for the plaintiffs, and Fisher, the intervenor, appeals.

*Chapman & Chapman* and *L. L. De Lano*, for appellant.

*Smith, Carson & Harl* and *A. S. Churchill*, for appellees.

ROTHROCK, CH. J.—I. Some question is made by counsel for appellees as to the sufficiency of appellant's abstract. It 1. APPEAL to is claimed that it does not show that the bill of supreme court: sufficiency of exceptions was certified by the judge, and made abstract. part of the record, and that the abstract does not purport to set out the bill of exceptions. The abstract recites that it is an abstract of all the evidence, and that, within the time fixed by the court, the intervenor filed his bill of exceptions, "embracing all the foregoing testimony and record." This is sufficient. It will be presumed that the bill of exceptions was properly authenticated when it was filed.

II. Error is assigned upon the giving of the second and third instructions to the jury. No exceptions were taken to 2. EXCEP- the instructions when given. But, on the same TIONS to instructions: day on which the verdict was returned, the interhow and when made. venor, in a motion for a new trial, excepted to said instructions, and set out the grounds of his exceptions. This is sufficient. Code, § 2789.

III. The testimony of the intervenor is to the effect that he bought the horse and buggy and harness of Needles on the fifteenth day of August, 1882, and paid him $450 in cash therefor; that he took possession of the property and put it in his stable near the city of Atlantic; that the property remained in his possession about two days, when Needles

wanted to use the property, and proposed that he would pay for its keeping in town, and give Fisher the privilege of using it; that he let Needles have the horse, harness, and buggy on this agreement; that Needles took the property to a feed stable in Atlantic, and Fisher used it frequently; that Needles was to keep them until about November first in the same year; that the day the property was attached Needles brought the horse to Fisher's place, saying he did not want him any longer; that he came on horseback about 11 o'clock; and that Fisher took the horse and rode him back to Atlantic, and put him in the same stable where Needles had been having him kept, and Fisher went to a station on the railroad near Atlantic, and, upon returning on the evening of the same day, he found that the property had been attached by the sheriff. This was on the sixteenth of October, 1882. It appears from other evidence in the case that the horse and other property were kept at the same feed-stable or livery-barn from the thirtieth of July up to the time of the attachment, with the exception of occasional absences of from one to three days. It is claimed in the motion for a new trial that the court erred in "giving the second instruction to the jury, it being misleading, there being no evidence before the jury that Fisher, at the time of the alleged sale, knew of the insolvency of Needles, nor was there any evidence that he did not purchase the property in good faith, and for an adequate and valuable consideration."

We think there was evidence in the case sufficient to warrant that part of the instructions complained of. It is true, there is no direct evidence contradicting the testimony of Fisher to the effect that he bought the property in good faith, and paid for it in cash. But direct evidence was not necessary. Fraud may be established by circumstantial evidence. It appears that Fisher and Needles were friends, and that they were together often, and were in the habit of riding around together. Needles was largely indebted. The fact that Fisher bought a horse,

3. FRAUD: in transfer of chattels: evidence.

harness, and buggy of Needles, when he (Fisher) had no use for the property, and the fact that he soon returned the property to Needles to be used as his own, were circumstances proper to be submitted to the jury upon the question of the good faith of the transaction between them.

IV.   That part of the third instruction which is complained of is as follows: "It is claimed by Fisher that, when he bought the property on the fifteenth of August, it was delivered to him and kept by him in his possession, one, two, or three days, after which time he loaned it back to Needles for a time.   If the property at the time of the alleged sale was delivered by Needles to Fisher, and left with Fisher at his place, and Fisher retained the full, complete, and actual possession thereof for such length of time as that the public generally became apprised of Fisher's purchase, and if his said possession became generally known in the community, this would be such a delivery of possession as would protect Fisher's title; and, if this is true, the fact that at some time afterwards he loaned the property to Needles for a short time, and for a temporary purpose, would not make the property liable to attachment at the suit of Needles' creditors.   But if Fisher's possession under his alleged purchase was for so short a time, and under such circumstances as that the community generally would not probably become apprised therefrom of the change of ownership, and if the property was allowed to go back into Needles' possession, and remain there any considerable length of time, with apparently the same appearance of ownership in Needles as had existed before the alleged sale, and if it still remained so in Needles' possession up to the time the attachment was laid upon it, then the plaintiffs, as attaching creditors, will hold the property under the attachment."

Section 1923 of the Code provides that sales of personal property, where the vendor retains actual possession thereof, are void as to existing creditors or subsequent purchasers

*4. SALE of chattels: possession: loan to seller: notice; code, § 1923.*

without notice, unless evidenced by a written, acknowledged, and recorded instrument. The question to be determined in this case is, did Needles retain the possession? [It cannot be claimed that where one in good faith purchases property and takes possession thereof, he may not afterwards loan it or hire it to the seller. The objection to the instruction is that the jury are therein directed that, in order to find the sale a valid one, it must be found that Fisher retained the full and complete actual possession of the property for such length of time as that the public became generally apprised of Fisher's purchase, and that his possession became generally known in the community. This, we think, was erroneous. A sale of personal property, accompanied by delivery and possession, may be valid, without the public having any knowledge upon the subject. Such a rule is not susceptible of proof as a fact, and, indeed, the public never generally become advised of so trivial a transaction as the sale of a horse, buggy, and harness. The purpose of the statute is that there shall be such a change of possession as will give to parties dealing with the seller or buyer notice of the transaction. It is such transfer of dominion over the property as to impart notice to persons dealing with reference to the property that the title has been transferred, or such possession as will put such persons in possession of such facts as will lead to inquiry as to the ownership. It is sometimes said that the possession must be such as to be notice to the world. This does not mean notice to the public generally, but to those who propose to purchase the property or deal with reference to it.] For the error in giving this instruction the judgment must be

REVERSED.