A. L. PRESTON v. CHRISTIAN PETERSON, Appellant.

**Oral Assignments:** POSSESSION: *Books of account.* An oral assignment of books of account is not avoided by Code, 1873, section 1923, avoiding assignments, if the assignor retains possession of the subject matter, unless in writing and recorded, where the possession of the books was delivered, though the assignor afterwards took them temporarily, in order to post them; no claim being made that the manner of possession failed to impart notice.

**Appeal:** OBJECTION BELOW. Authority of a party to take an assignment in question cannot be questioned for the first time on appeal.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

SATURDAY, JANUARY 21, 1899.

THE action is for the possession of certain account books, showing accounts of B. P. Olsen against divers persons alleged to have been assigned and delivered by said Olsen to plaintiff to secure certain claims held by plaintiff for collection against Olsen. The answer is a general denial, except that it admits what plaintiff alleges to be his belief, on information, that defendant's claim to the books is also an assignment from said Olsen. The issues were tried to a jury that returned a finding for plaintiff, and from a judgment for plaintiff the defendant appealed.—*Affirmed.*

*Barton & Van Slyke* for appellant.

*Benjamin & Preston* for appellee.

GRANGER, J.—I. After the evidence was closed, the parties made the following stipulation: "It is agreed by the parties to this action that the only question which shall be submitted to the jury shall be presented to them by the court in the form of a special interrogatory as to whether or not there

was an assignment or transfer of the property in controversy in this case to the plaintiff, and that judgment shall eventually be rendered herein by the court in accordance with the determination of this special finding and what the court shall determine to be the undisputed facts in this case; parties, however, reserving the right to except to the determination of the court as to the undisputed facts and the conclusions of law drawn therefrom by the court in entering the judgment,which shall eventually be rendered." The court submitted the interrogatory, and the jury answered it in the affirmative, which was favorable to the plaintiff. We may set at rest some of the questions argued by appellant by saying that the stipulation presented the only practical issue of fact in the case. It was a matter of no moment whatever what consideration defendant paid for the assignment to him. No such assignment was pleaded, nor was such a fact at issue. He had the books and plaintiff sought their possession under the assignment to him. If there was a valid assignment, it was prior to any claim of defendant, and plaintiff must have the books. If there was not, plaintiff must fail, and, without any inquiry as to defendant's right, judgment must be entered against plaintiff. Plaintiff's recovery must depend on his own title, and not on the weakness of defendant's, or even a want of it. No writ issued for the delivery of the books, and the possession of plaintiff, if he has it, must follow the final judgment..

II.   On the question stipulated to be submitted to the jury, namely, did Olsen assign and turn over to plaintiff the accounts? the court said to the jury that the burden was with the plaintiff to show the assignment, but that it was not necessary that the assignment should be in writing; and the instruction is said to be error because of section 1923, Code 1873, that "no sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers, without notice, unless a written instrument conveying the same is executed, ackowledged like conveyances of real estate, and filed for

record with the recorder of the county where the holder of the property resides." The specific property of which possession is sought is the books stating the account. The jury found that they were assigned and turned over to the plaintiff, so that there was not only a sale, but there was a delivery of the possession. After such possession was taken, Olsen, at the instance of Mr. Benjamin, who was a partner of Preston, took the books to post them for the accommodation of the assignee, and while he had them for that purpose he assigned them to the defendant, Peterson, who is his father-in-law. The books were in plaintiff's possession some days, so that the validity of the assignment was fixed by the actual possession being in plaintiff. The fact that the assignor afterwards had possession, to post the books for the plaintiff, does not change the conclusion. The only question we consider is the validity of the assignment, it not being in writing. No claim is made because of the manner of holding possession; that is whether it was such as to impart notice to persons dealing with reference to the property. See *Deere v. Needles,* 65 Iowa, 101. By the terms of the stipulation, the jury was limited to the fact of an assignment and turning over the property. The fact of whether the treatment of the property, after it was turned over, was such as to change the rule, was not a matter of inquiry on the trial, and is not involved here. The instruction was not erroneous.

III. The point is made in argument that it does not appear that plaintiff had authority to take the assignment to secure the claims held for collection. It is sufficient to say that it does not appear that such a question was considered or determined on the trial below. The case seems to have been tried on the assumption that there was such authority, or, at least, without its being questioned. The petition is entirely silent as to such authority, and its sufficiency is in no way brought in question. The question cannot be, for the first time, presented in this court. The rule is familiar. We find no error in the record, and the judgment will stand AFFIRMED.