[No. 5234.]
[No. 2856 C. A.]

FARMER v. HUGHES.

1. **Practice in Civil Actions—Instructions—Applicability to Evidence.**

In charging a jury, the court should limit its instructions to the facts in evidence, and it is error to instruct a jury concerning supposed facts regarding which there is no testimony. —P. 320.

2. **Sales—Delivery—Joint Possession of Seller and Buyer.**

The concurrent or joint possession of personal property by a seller and buyer, is not sufficient to constitute a delivery to the buyer.—P. 320.

3. **Sales—Passing of Title—Delivery Necessary.**

Delivery of possession is necessary to a conveyance of title to personal property as against everyone except the vendor and a subsequent purchaser with knowledge of the previous sale; and, where there has been no delivery to the buyer, a subsequent buyer without notice of the previous sale acquires title.—P. 320.

4. **Fraudulent Conveyances—Sale of Chattels—Retention of Possession—Subsequent Bona Fide Purchaser.**

Mills' Ann. Stats., § 2027, provides that every sale of chattels in possession of the seller, unless accompanied by immediate delivery and followed by an actual and continued change of possession, shall be presumed to be fraudulent and void as against a subsequent purchaser in good faith. Held, that to charge a subsequent purchaser with not having good faith it must be shown that he had actual knowledge, or the knowledge of such facts as would put a reasonable man on inquiry, which, if made, would result in knowledge of the previous sale.—P. 321.

5. **Evidence—Conversation in Absence of One Party.**

In an action to recover the value of personal property bought by plaintiff and taken by defendant, where defendant claims

under a subsequent purchase, conversations between the seller, a third person, and defendant, in the absence of plaintiff, are immaterial and should be excluded.—P. 322.

*Appeal from the County Court of Pueblo County.*
*Hon. L. B. Gibson, Judge.*

Action by Martin Hughes against Fred Farmer. From a judgment for plaintiff, defendant appeals.
*Reversed and remanded.*

Mr. M. J. GALLIGAN, for appellant.

No appearance for appellee.

. Mr. JUSTICE BAILEY delivered the opinion of the court:

This action was brought to recover the value of certain rock claimed to have been sold by Young and Thompson to appellee Hughes, and taken by appellant Farmer, who contends that the same rock was sold to him, and that he took it pursuant to his contract without any notice of the previous sale to Hughes. The action was commenced in the justice court, and appealed to the county court. Consequently, there were no written pleadings.

It appears, from the testimony, that the rock was piled between Eaton Avenue and Cedar Street in Pueblo; that the plaintiff purchased it about the 18th or 20th of September, 1902; that there was no change of position of the rock after it was purchased; that it was not moved from the place where it was; that there was nothing on the ground to indicate that the ownership of the rock had been transferred from Young and Thompson to plaintiff. A few days later, Young and Thompson sold the same rock to defendant Farmer, who hauled it away.

Young testified that, at the time Farmer spoke of getting the rock, he informed him that it had been

sold to Hughes. Defendant Farmer testified that he was not informed that the rock had been sold to Hughes until after he (Farmer) had hauled it away. The judgment was rendered for plaintiff, Hughes, and Farmer brings the matter here on appeal.

The principal errors assigned are as to the giving and refusing of certain instructions. The fifth instruction given by the court, to which defendant objected, is to the effect that, if the goods were so cumbersome that it would require a large portion of their value to remove them, and if they were not in the actual possession and immediate control of Young and Thompson at the time of the assumed purchase, the jury should find for the plaintiff.

Even if this instruction, as an abstract principle, was correct, which we do not decide, there was no testimony tending to show that the property was so cumbersome that it would require a large portion of its value to remove it. In charging a jury, the court should limit its instructions to the facts in evidence, and it is error to instruct a jury concerning supposed facts regarding which there is no testimony.—*Lawson v. Van Auken,* 6 Colo. 52; *Rara Avis Gold Min. Co. v. Bouscher,* 9 Colo. 385; *Williams v. Mellor,* 12 Colo. 1.

The 11th instruction requested by defendant and refused by the court was: "The concurrent or joint possession of Young and Thompson and Mr. Hughes is not sufficient to constitute a delivery to Mr. Hughes." There is no question but that this instruction stated the law, and should have been given. —*Bassinger v. Spangler,* 9 Colo. 175.

The 7th and 9th instructions requested by defendant and refused by the court were to the effect that delivery of possession is necessary to a conveyance of title to personal property as against every one except the vendor and a subsequent purchaser

who took the property with knowledge of the previous sale, and that, if there was no delivery of possession to plaintiff Hughes, and if defendant Farmer purchased the property without notice of the sale to Hughes, the verdict should be for the defendant. These two instructions correctly stated the law, and should have been given.—*Allen v. Steiger,* 17 Colo. 552; *Lloyd v. Williams,* 6 Colo. App. 157.

In the 4th instruction, which was given by the court over the objection of the defendant, the jury was instructed that, if it found that the plaintiff purchased the goods and that the defendant afterwards purchased them, knowing or having the means of knowing that the same had been conveyed to plaintiff, it should have found the issues for the plaintiff. This does not correctly state the law. The statute provides:

"Every sale made by a vendor of goods and chattels in his possession or under his control * * * unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things sold, shall be presumed to be fraudulent and void as against * * * subsequent purchasers in good faith."

In order to charge a subsequent purchaser with not having good faith, it is insufficient to find that he had the means of knowledge, but it must be shown that he had actual knowledge, or the knowledge of such facts and circumstances connected with the transaction as would put a reasonable man upon his inquiry, which, if made, would have resulted in knowledge of the previous sale. The instruction given by the court was erroneous.

Defendant further complains that the court erred in rejecting certain testimony concerning conversations. These conversations were said to have taken place between Thompson, a man by the name of Mc-

Clelland, and Mr. Farmer, during the absence of plaintiff Hughes. They could not have been binding upon the plaintiff, and were immaterial. The court properly rejected the testimony. For the reasons given, the judgment of the county court should be reversed, and the cause remanded.      *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.