[No. 5872.]

## BARTELL, SHERIFF, v. GRIFFIN.

1. **Fraudulent Conveyances — Possession of Chattels Retained by Vendor**—Under sec. 2027, Mills' Stats. (Rev. Stats., sec. 2668) a sale of chattels is fraudulent in law, and void as to creditors, unless followed by such a substantial change of possession as affords notice to the community of a change of ownership. A concurrent possession in the vendor and vendee is not permitted. And the case is not taken out of the statute by proving that the sale was, in fact, bona fide.—(571)

2. **Evidence—Relevancy**—In replevin against the sheriff, for goods taken under process against a third person, it is a fatal error to receive evidence that the sheriff is indemnified.—(572)

*Appeal from Boulder District Court* — Hon. CHRISTIAN A. BENNETT, Judge.

Mr. GEO. F. DUNKLEE, and Mr. O. E. JACKSON, for appellant.

Messrs. MONTGOMERY & BROWN, and Mr. J. MAURICE FINN, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellant, as sheriff, levied upon personal property under an execution issued on a judgment against

John R. Griffin, as the property of the latter. Joseph T. Griffin, his brother, commenced a replevin suit to recover possession of this property, claiming to be the owner thereof. The trial of the case resulted in a verdict and judgment in favor of plaintiff, from which the sheriff has appealed. Neither party has raised any question regarding the right of the sheriff to appeal, and we shall consider the case on appeal, but by so doing it must not be regarded as a precedent, that a party defeated in a replevin suit can have the case reviewed by that method.

The defendant interposed two d e f e n s e s : (1) Fraud in law; and (2) fraud in fact. John R. Griffin had a grading contract which he claimed to have assigned and sold to his brother Joseph, together with a grading outfit, consisting of work-horses, dump-carts, wheel-barrows, and other tools, used in doing the work under his contract. This grading outfit is what was levied upon by the sheriff. Counsel for the defendant contends that the testimony did not establish such a delivery and continued change of possession of the property claimed to have been sold by John R. Griffin to his brother Joseph as would satisfy sec. 2027, 1 Mills' Stats., on the subject of frauds. This proposition is vigorously controverted by counsel for plaintiff, who contends the evidence fully satisfies the statute referred to, and further claims there was no evidence whatever tending to prove that the transaction between the two brothers was not *bona fide*. We are not inclined to agree with either view in the sense that we should determine the facts at issue between the parties on the record before us, and direct what the judgment should be. Without attempting to give the testimony in detail, we think it is sufficient to say, for the purpose of disposing of the appeal, that there was testimony

which strongly tended to prove both defenses interposed by the defendant, particularly the first.

Sec. 2027, *supra,* provides, in substance, that a sale by a vendor of goods and chattels in his possession, unless accompanied by an immediate delivery, and followed by an actual and continued change of possession, shall conclusively be presumed to be fraudulent as against his creditors. Under this statute the sale of chattels must be followed by an actual and continued change of possession to the vendee; otherwise, he is not protected as against the creditors of his vendor. It does not permit chattels capable of manual delivery and removal to remain in the apparent possession of the vendor, nor does it admit of a construction whereby there may be a joint or concurrent possession in both the vendor and vendee; nor can a case be taken without its provisions by proving merely that the sale was *bona fide.* In short, unless the purchaser can show such a substantial compliance with the terms of the statute as affords notice to the community of a change in the ownership of the goods sold, the transaction constitutes a fraud in law, and is void as to creditors.— *Bassinger v. Spangler,* 9 Colo. 175.

As there was a conflict in the evidence on the subject of a change of possession, and from the evidence taken as a whole the *bona fides* of the transaction might have been open to question, the case should have been submitted to the jury, under appropriate instructions on the issues made by both the defenses interposed by the defendant. This, counsel for the defendant says, was not done for the reason that the instructions were conflicting, in that by them the jury could have rendered a verdict for the plaintiff upon the ground that the transaction with his brother was *bona fide,* without regard to whether there had been an actual and continued change of

possession of the property in controversy. This claim is not without merit, but the right to raise it is challenged upon the ground that no appropriate exceptions were saved to the instructions. Inasmuch as the judgment must be reversed, and the cause remanded, for a new trial, for a reason we shall notice later, it is not necessary to determine either of these questions. The alleged errors in the instructions can be readily avoided, and there ought not to be any trouble in taking such exceptions to instructions as will save the right of the excepting party to have them reviewed by this court. Under the repeated decisions of this court, following *Bassinger v. Spangler, supra,* instructions can be readily framed which will submit the issues made by the answer in this case which are not conflicting, and will present clearly to the jury the questions of fact they are to determine.

At the trial, over the objection of defendant, counsel for plaintiff was permitted to ask the defendant, on cross-examination, the following question: "If you should lose this case, Mr. Bartell, you would look to the bondsmen to settle with you for any damages you would sustain?" To this he replied, "I surely would."

There was no such issue in the case, and it was clearly error to overrule the objection made. What the verdict should be was in no manner dependent upon whether the defendant was or was not indemnified by the judgment creditors. We must assume that counsel representing the plaintiff presumed that a favorable answer such as was given would benefit his client, by influencing the jury to render a verdict against the sheriff, because he would not lose anything by such a result. As was said in substance in *Coe v. Van Why,* 33 Colo. 315, in such case counsel who thus seeks to obtain an advantage for his client

takes upon himself the risk of losing what he hopes to secure.

Cases should be tried before a jury on competent testimony. The rights of litigants can only be preserved by adhering to this rule, and when a party to an action insists on getting before a jury testimony which is incompetent and is intended to prejudice the rights of his adversary, he does so at his peril, when, as in the case at bar, the testimony on the issues made by the pleadings in conflicting, or is of that character that different conclusions of fact might be deduced therefrom.

The judgment of the district court is reversed and the case remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.