[No. 8415.]

## GOAD ET AL. V. CORRINGTON.

1. SALE—*Possession Remaining with Vendor.* Dowdell and others, dealers in real property were the owners of an auto car. It was sold upon execution against them. Plaintiff asserted title to the car under a purchase from Dowdell & Co. It appearing that the car was used and operated by Dowdell & Company after the alleged purchase, in the same manner and under the same license as before, that it was kept in the same garage, that when levied upon it was found standing in the front of Dowdell's office, and that no person had any knowledge of the sale except the parties thereto and the owner of the garage, *held* that under Rev. Stat. sec. 2668, the sale was conclusively void as to the creditor. (428-430.)

2. APPEAL AND ERROR—*Judgment.* An erroneous judgment for plaintiff reversed, and the cause remanded with directions to the court below to dismiss the action. (430.)

*Error to Rio Grande District Court.* Hon. CHAS. C. HOL-BROOK, Judge.

Mr. GEORGE M. CORLETT, for plaintiffs in error.

Mr. JAMES P. VEERKAMP, for defendant in error.

Mr. Justice SCOTT delivered the opinion of the court.

On and prior to the first day of June, Roy Dowdell, Charles C. Banner, J. Crosby and Clarence Day, a Co-partnership doing business under the firm name of the Monte Vista Realty Company, were the owners of a certain automobile. This firm was engaged in the real estate business, and the machine seems to have been used by it in the transaction of its business.

Under an execution issued out of the County Court, in favor of one E. J. Palmer, and against the members of the said realty company, the plaintiff in error, J. Frank Goad, as sheriff of the county, levied upon the automobile as the property of such co-partners. The property was afterward sold at execution sale to Charles M. Corlett, plaintiff in error. The levy was made July 31st, 1913. This action is by John G. Corrington, defendant in error, to recover the value of the automobile claiming that at the time of the levy and sale he was the owner of the property.

The complaint alleges that the plaintiff purchased the automobile of the realty company on he first day of June, 1913, and thereby became and thereafter was the owner of the same. That on that day he satisfied an account in the sum of $575.00, due from the realty company to him, as the consideration for the purchase, and received a bill of sale for the property.

At the time of the alleged sale to Corrington, the automobile was being kept in a public garage, and so continued to be kept, up to the time of the levy.

The testimony shows that the real estate firm continued to use the automobile, in the same manner as prior to the sale, and that the officer took possession of it while it was being so used, and while it was standing in front of the office of the realty company.

There does not appear to have been any outward or open acts indicating a change of possession. The license number of the realty company was attached to the machine at the time of the levy. The officer made investigation, including an examination of the public records and found no evidence of a sale or disposition of the machine. The members of the realty company promised him to pay the judgment debt, and thereby secured a delay of several days in the making of the levy.

The defendant in error says that he notified the owner of the garage that he had purchased the automobile, and that the expense of the keep was thereafter charged to and paid by him, and that the machine was afterward hired to the realty firm for its use.

So far as the record discloses, no person knew of this transaction save and except members of the realty firm, the keeper of the garage, and Corrington. Be this as it may, the automobile was kept in the same garage, carried the same license number, and was used by the realty company in precisely the same manner, so far as the public might observe, or may have been aware, as prior to the alleged sale.

The defendant moved the court to direct a non-suit, which motion was denied by the court, and which action constitutes the only alleged error necessary to consider.

Section 3067 Mill's Stats. 1912, provides: "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold, or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and this presumption shall be conclusive."

Clearly under the facts of this case the alleged sale was

not followed by any such actual and continued change of possession of the' thing sold, as is contemplated by the statute, and the sale must therefore be held to be conclusively fraudulent and void as to creditors. The change of possession required by the statute has been construed by this court:

"The vendee must take actual possession and the possession must be open, notorious and unequivocal, such as to apprise the community or those who are accustomed to deal with the party, that the goods have changed hands, and that the title has passed out of the sellers into the purchaser." *Cook v. Mann,* 6 Colo. 21.

Change of possession under the facts of this case was neither open, notorious, unequivocal nor exclusive. *Austin v. Terry,* 38 Colo. 407, 88 Pac. 189.

Whatever may have been the private agreements between the parties, the sale was void under the statute, as against the execution creditor.

The judgment is reversed with instruction to dismiss the proceeding.

GABBERT, C. J., and GARRIGUES, J., concur.

Decided Jan. 3, A. D. 1916. Rehearing denied July 3, A. D. 1916.