## No. 9407.

### GOAD *v*. WELLENDORF.

SALE—*Change of Possession.* Where upon sale of chattels made in good faith an actual and visible change of possession occurs, and is maintained, the subsequent loan of the article to the vendor does not make it liable to levy for his debts.

*Error to Rio Grande County Court, Hon. James W. White, Judge.*

*Department One.*

Mr. CHARLES M. CORLETT, Mr. GEORGE M. CORLETT, for plaintiff in error.

Mr. JAMES P. VEERKAMP, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error, the sheriff of Rio Grande County was defendant in an action by defendant in error to recover

possession of an automobile. The defense was that the car had been taken on execution against the goods of one Immenschuh, from whom Wellendorf claimed to have purchased the car. A jury in the justice court found for the plaintiff, whereupon the cause was appealed to the County Court where the jury again found for the plaintiff.

The cause is now here on error.

The judgment is attacked upon the ground that the evidence does not establish the fact of a sale of the car to Wellendorf, in that Immenschuh used the car after the sale and that there was not such a change of possession as the law requires. The case of *Goad v. Corrington*, 61 Colo. 427, 158 Pac. 284, is relied upon as determining that point.

That case, however, was quite different from this on the facts.

There the car was kept in a public garage at the time of sale, and continued to be kept there after the sale. The former owners used it after the sale "in precisely the same manner as before," and no one knew of the sale except the owner of the garage.

Here there was undisputed evidence that Wellendorf, after paying a sum of money which he testified was the purchase price of the car,—which is the sum named as such price in the bill of sale,—took the car from the place at which it had been kept, and placed it in a dairy barn, which was under his care. It was thereafter kept in that barn until the day on which it was seized by the sheriff while being driven to Monte Vista by said Immenschuh. The sale was made known by both the parties to the men who were working on the ranch with Wellendorf. He testified that Immenschuh, before taking the car on the two or three occasions mentioned in the testimony, asked and obtained his consent to such use. This is confirmed by witness Bixler and is not disputed. When an actual change of possession has taken place and is maintained, on a sale in good faith, the article sold may be loaned or hired to the seller without rendering it subject to levy for the seller's debts. *Deere v.*

*Needles,* 65 Iowa 101, 21 N. W. 203, 20 Cyc. 543.

The court was justified in submitting the case to the jury, and it cannot be said that the evidence does not sustain the verdict.

Error is assigned on an unnumbered instruction given at the request of the plaintiff, but it does not appear that any exception was taken to it. It may be said, however, that the objection is not well taken since it is fully met by the language of other instructions given.

The judgment is affirmed.

Judgment affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.