## No. 9876.

### DAVIS v. PATTERSON.

Decided November 8, 1920.

Action for conversion of personal property. Judgment for plaintiff.

### Reversed.

### On Application for Supersedeas.

1. PERSONAL PROPERTY—*Possession*—*Issue.* In an action between two purchasers of the same personalty, the issue is not whether plaintiff or defendant acquired possession first; but whether, at the time defendant took possession of the property, plaintiff was in actual, continued, visible, open, unequivocal and exclusive possession thereof.

2. *Action for Conversion*—*Burden of Proof.* Defendant is entitled to a verdict if the evidence is evenly balanced.

3. *Sale*—*Possession*—*Knowledge or Information to Put on Inquiry.* The question of knowledge or information to put on quiry, under sec. 2668, R. S. 1908 concerning the sale of goods and chattels, is immaterial in an action to determine the right to personal property.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Messrs. MUNSON & MUNSON, for plaintiff in error.

Messrs. COEN & SAUTER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

Patterson brought suit against Davis for the conversion of certain corn. He recovered judgment and the defendant brings error and applies for a supersedeas.

One B. S. Monday leased land to one Doremus for the crop season of 1918, the lease to terminate March 1st, 1919. Doremus was to pay the landlord one-third of the corn and two-thirds thereof belonged to him. November 4th, 1918, Doremus gave Monday a bill of sale of his two-thirds of the corn. December 3rd, 1918, Monday assigned this bill of sale to plaintiff Patterson for a good and valuable consideration. November 16th, 1918, Doremus executed another bill of sale to Davis, the defendant, covering the same two-thirds interest, in payment of a debt of about $750. It is admitted that both Davis and Patterson acted in good faith.

Patterson did nothing to take possession until some time in January or early in February, 1919, when men employed by him shucked a portion of the corn and left it piled on the ground. The remainder stood in the field and he did nothing more. On or about February 16th the defendant husked two-thirds, sold it and received the money, leaving in the field the corn which Doremus pointed out as Patterson's or Monday's third of the crop. For the conversion of this two-thirds the suit was brought. The court, over the objection of the defendant, instructed the jury as follows:

* * * The question upon which this case turns is the question of whether the plaintiff or the defendant acquired possession of the property first; that is to say, did the plaintiff by starting in and husking a portion of the corn acquire possession of the whole amount purchased under his bill of sale, or did the defendant at a subsequent time acquire possession of the remaining portion of the corn. * * * the plaintiff can only recover when the evidence convinces you by a preponderance thereof that he has a

right to recover. On the other hand, the defendant cannot recover unless the preponderance of the evidence is in his favor. If you believe from the evidence that in the matter of taking .possession of the property the defendant had knowledge or sufficient information to put him on inquiry concerning the claim of the plaintiff to the property and his assumption of possession thereof, then the defendant cannot recover, and your verdict should be for the plaintiff.

We think this instruction is erroneous in three respects:

First, the question upon which the case turns is not whether plaintiff or defendant acquired possession of the property first. It is whether at the time defendant took possession of the two-thirds the plaintiff was in the actual, continued, visible, open, unequivocal and exclusive possession thereof. It is manifest that he was not, and therefore a verdict for the defendant should have been directed. R. S. 1908, § 2668; *Cook v. Mann,* 6 Colo. 21; *Bassinger v. Spangler,* 9 Colo. 175, 179, 10 Pac. 809; *Allen v. Steiger,* 17 Colo. 552, 31 Pac. 226; *Bartell v. Griffin,* 47 Colo. 569, 108 Pac. 171; *Lloyd v. Williams,* 6 Colo. App. 157, 40 Pac. 243; *Willis v. Roberts,* 18 Colo. App. 149, 70 Pac. 445.

Whatever possession Patterson may once have had it was not continued until the time that Davis took possession, and at that time no one was in actual possession. Patterson's possession, if it could be called possession, was not then visible, because no one was there. The corn was in the open field. It was equivocal, because it was consistent with a claim of one-third as well as more, and with possession by Doremus as well as Patterson. It was not exclusive because Doremus still had free access.

Second, the defendant was entitled to a verdict in case the evidence was evenly balanced. The instruction is that neither plaintiff nor defendant could have a verdict without a preponderance of evidence.

Third, knowledge or information to put on inquiry, under the statute in question, is immaterial. (see cases cited above.) In *Bassinger v. Spangler* the attaching creditors knew all about the assignment to Bassinger. This case is

much plainer than that yet there the verdict was directed and the judgment was affirmed in this court.

The judgment should be reversed with directions to enter judgment for the defendant.

MR. JUSTICE TELLER, sitting for MR. JUSTICE SCOTT.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE TELLER concur.