## No. 10,717.

ACOTT *v.* STERLING HARDWARE AND IMPLEMENT CO., ET AL.

Decided November 5, 1923.

Action in replevin.  Judgment for defendants.

### *Affirmed.*

### *On Application for Supersedeas.*

1. FRAUDS—*Statute—Personalty—Possession.*  The possession taken by a purchaser of personalty, to satisfy the statute of frauds, must be actual, continued, visible, open, notorious, unequivocal and exclusive.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Messrs. COEN & SAUTER, for plaintiff in error.

Mr. S. E. NAUGLE, Mr. M. C. LEH, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE STERLING HARDWARE & IMPLEMENT COMPANY caused the defendant in error Whittier, as sheriff, to levy an execution upon a Deering combine-thresher, as the property of E. J. Hadsell, its judgment debtor.  The plaintiff in error brought replevin.  The trial was to the court, and at the conclusion of the plaintiff's case the court entered judgment for the defendant.  The plaintiff brings error and prays for a supersedeas.

It appears that Hadsell for three years prior to the 21st day of August, 1922, had an oral lease to a certain half section of land from the plaintiff in error.  There were no buildings on the half section, except a granary, constructed by Hadsell, in which he resided during the farming season, where he kept some furniture, supplies and clothing, and near which he placed and kept the Deering combine-

thresher and other farming machinery belonging to him, when not in actual use upon the farm.   During his tenancy Hadsell became indebted to the First National Bank of Fleming.   The bank demanded security of Hadsell for his obligation.   He made a note to the bank secured by a chattel mortgage on the Deering combine-thresher in controversy, and Acott endorsed the note.   Hadsell failed to pay, and Acott, on demand, paid the bank on August 21, 1922, in the presence of Hadsell, who at the same time orally surrendered all his rights to the land under the lease.

Acott lived ten miles from the half section where the Deering combine-thresher was located.   He testified that he went out to the land some time after August 21, 1922; that Hadsell did not go with him; that nobody was present; that he looked the combine-thresher over; saw that the canvass had been taken out and that the radiator had been drained; that he actually did nothing to or with the thresher.   The thresher remained there in the same situation at the granary, with other farming machinery and personal effects belonging to Hadsell, up to the time of the levy of the execution on October 25, 1922.

It is contended by the plaintiff in error that the oral surrender of the oral lease by Hadsell to Acott of the lands on which the personal property was located affected such a change of possession of the personal property as to satisfy the statute of frauds.   We think not.   The statute is peremptory.   The purchaser must take actual possession.   This the plaintiff in error did not do.   Moreover, the possession must be actual, continued, visible, open, notorious, unequivocal and exclusive.   It must be such as to apprise the community that the goods have changed hands.   *Cook v. Mann,* 6 Colo. 21; *Davis v. Patterson,* 69 Colo. 226, 193 Pac. 662.   No action whatever was taken by Acott with respect to this attempted transfer which would indicate to any one a change of possession.

Supersedeas denied.   Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.