<hr/>

## No. 10,954.

### CHAVEZ v. HAYNIE.

Decided May 5, 1924.

Proceedings involving the title to personal property. Judgment for execution creditor.

*Affirmed.*

*On Application for Supersedeas.*

1. GIFTS—*Statute of Frauds—Fraudulent Conveyances.* Gift of an

automobile by parent to a minor child residing with him, unaccompanied by delivery and continued change of possession, held void as to creditors.

2.  STATUTES—*Foreign States—Presumption.* Where appellate courts of foreign states announce opinions on statutory law contrary to the holdings of the Colorado Supreme Court, it will be presumed that the statutes are different.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. J. G. SCOTT, for plaintiff in error.

Mr. J. H. THOMAS, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Luisita Chavez is the daughter of Louis F. Romero and his wife. When the child was about nine months of age her parents "gave" her to Fructuoso M. Chavez and Refugio C. Chavez, his wife, but she has not been legally adopted. She is in law still the daughter of Mr. and Mrs. Romero. Ever since the gift she has lived with, and been supported by, Mr. and Mrs. Chavez, making occasional visits to her own father and mother. The relation, however, is that of parent and child and has been so considered by her own parents and the Chavez family. Apparently there was some indefinite understanding that Chavez and his wife would at sometime transfer to the child property, but the value was not agreed upon and just what was the arrangement is not clear. However, in the year 1918, there is testimony that there was an epidemic in the county where the Chavez family lived, and fearing that one or both might become victims, and because of the understanding about transferring property, Chavez and his wife made a gift to her of an automobile, a piano and various other articles of property, which was evidenced by what is called a bill of sale. It is doubtful if the written instrument was delivered to the child, but that is not of much importance. There was no actual or a symbolical

delivery of the automobile at the time of the gift or since, and such dominion as plaintiff has exercised over it has been through Mr. Chavez standing in the place of her father. The gift is alleged to have been made in October, 1918. From that time until this suit was brought in December, 1923, the automobile was not used much of the time by any person. The child, a minor, could not legally drive it in the public highways. Mr. Chavez made use of it but not to any great extent. During one year a license for its use was issued to him and in his name, and it seems that he paid some taxes assessed upon it. At the time he made the gift he was indebted to the Commercial State Bank, which indebtedness he has since paid. After the date of the gift he transacted business with the bank and incurred a debt in December, 1919, which he has not paid. The bank brought suit against him upon the promissory note evidencing this debt, recovered judgment and caused an execution sued out thereunder to be levied upon this automobile as the property of the defendant Chavez and wife, whereupon, the minor child, by her next friend, her own father Romero, brought this action in replevin against the sheriff, claiming the property as donee. Upon the issues joined, in a trial before the court without a jury, the court found that no such delivery by the donor to the donee, and no such possession by the latter as our statute of frauds requires took place, and upon this finding rendered judgment dismissing the action, which judgment is the subject of this review.

Section 5113, C. L. 1921, of our statute of frauds makes it imperative that every sale by a vendor of goods and chattels in his possession be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things sold, otherwise it will be presumed fraudulent and void as against the creditors of the vendor or subsequent purchasers in good faith, and this presumption shall be conclusive. The statute applies to a gift as well as to a sale. In a series of cases in this court, beginning with *Wilcoxen v. Morgan*, 2 Colo. 473, followed

by *Bassinger v. Spangler,* 9 Colo. 175, 10 Pac. 809—perhaps our leading case—by *Bartell v. Griffin,* 47 Colo. 569, 108 Pac. 171; *Goad v. Corrington,* 61 Colo. 427, 158 Pac. 284, and *Davis v. Patterson,* 69 Colo. 226, 193 Pac. 662, this court has said in effect that the presumption of fraud, resulting from a failure to obey the statute is conclusive and not subject to explanation. In the Davis Case *supra* this court, speaking by Mr. Justice Denison, said: "Knowledge or information to put on inquiry, under the statute in question, is immaterial. * * * In *Bassinger v. Spangler* the attaching creditors knew all about the assignment to Bassinger." 27 C. J. pp. 578-580. In some of our decisions, as in the Bassinger Case, it is declared that where the vendor and purchaser are members of the same family or household, and inhabiting the same house, this circumstance does not dispense with the necessity for a change of possession of property in possession of the vendor and reasonably susceptible of actual delivery. We have not, however, in any case expressly held that the rule applies in case of a sale or gift by a parent to a minor child living with him. The question, therefore, for decision is, and the specific question is one of first impression here, whether the rule applies to sales or gifts of personal property by a parent to a minor child living with the family. In the Bassinger Case, page 179, this court said: "The statute is plain, positive, and peremptory. It admits of no excuse for leaving personal chattels, capable of manual delivery and removal, in the apparent possession of the vendor; nor does it admit of a construction whereby there may be a joint or concurrent possession in both vendor and vendee; nor can a case be taken out of the statute, nor can the statute be satisfied, by proving that the sale was *bona fide* and no fraud intended." In 27 C. J. p. 581, the author shows that the decisions are not harmonious upon the specific question, although in some cases such a gift is said to fall within an exception to the general rule, but the weight of authority is to the contrary. All of the cases that speak to the point say that such transactions are

looked upon with suspicion and the evidence must be clear and satisfactory that no element of fraud enters into it. While the precise question has not been determined by this court, the governing principle has been announced. If, as our former cases say, the presumption of fraud in the case of a sale or a gift generally, which is not accompanied by an immediate delivery and a continued change of possession is conclusive, and if, as held in the Bassinger Case *supra,* it is conclusive where the vendor and vendee are members of the same household, it is equally conclusive when the vendor and vendee, or the donor and donee, are parent and child. The same reason applies to all cases. If the construction seems harsh and makes it difficult, or even practically impossible, for a parent to make a valid gift to a minor child when the child is living with him, that is a matter for the legislative body and not for the courts. If the General Assembly sees fit to change the rule and exclude such a case as we have before us from the operation of our existing statute, that is not our concern. We must enforce the law as it is written. There was not in this case, and there is no pretense that there was, an immediate delivery of this automobile by the father to his daughter. There was no such continued change of possession as the statute contemplates. Indeed, the contention below, as here, is that the statutory requirements are not applicable to this sort of a case because the possession by the father is, in law, the possession of the child, the child being a minor, and there is no necessity, when the father makes a gift to a child, that there should be any delivery of the thing given or any continued change of possession. There are authorities so holding, but we are precluded from following them by the plain and unambiguous terms of our statute. In *Howard v. Williams,* 1 Bailey Law, 575, reported in 21 Am. Dec. 483, the Supreme Court of South Carolina held that a gift by the father to his minor child of a small part of his estate at the time the donor was solvent will be supported, although he afterwards became insolvent, and that retention of possession by the donor in such a case, the donee being a minor child residing with the donor,

is not a badge of fraud, but is consistent with the gift, and such possession by the father is to be considered the possession of the donee. In a subsequent case (*Farr v. Sims,* Richardson's Equity Cases, 122, reported in 24 Am. Dec. 397), *Howard v. Williams* was thoroughly considered and overruled, the court holding: "That a gift to a minor child, when the donor retains the possession, is void against subsequent creditors, without notice." The court also said there that until possession is actually delivered, or the child demands possession, the gift is not strictly consummated. For until then the donee may dissent from it. Until then it is no gift. Other cases cited as sustaining the view that such a gift will be sustained are: *Hargrove v. Turner,* a Georgia case (112 Ga. 134, 37 S. E. 89), reported in 81 Amer. St. Rep. 24. There are other Georgia cases which reach the same conclusion. *Pierson v. Heisey,* 19 Iowa, 114; *Jones v. Hall,* 58 N. C. 26; *Rector v. Danley,* 14 Ark. 304; *Thornton on Gifts,* p. 158, § 174; page 159, § 175.

In the Bassinger Case we said that statutes substantially like ours are found in California, Nevada, Montana, Vermont and Connecticut. The decisions of those courts are the same as our own. We are unable to determine from the cases from Georgia, and the other states referred to, whether the statutes are like ours, but the presumption is that they are different. But whatever the rule in other jurisdictions, this court is committed to the doctrine, which we deem applicable to the case in hand, which forbids explanation or inquiry into the good faith of the transaction, and which brings within the general rule a case where the vendor or donor is the parent and the vendee or donee is his minor child living with him. Indeed, in 1 Freeman on Executions, (3d Ed.), § 155, p. 748, the learned author quotes with approval the following: "The fact that a vendor and vendee are husband and wife or father and child is no reason why the provisions of the statute should receive a more liberal construction. These conditions give the statute no additional elasticity. The rule of construction is the same in all cases, and the relation between the

parties is a matter wholly immaterial." This quotation is from *Murphy v. Mulgrew,* 102 Cal. 547, 36 Pac. 857, 41 Am. St. Rep. 200, citing *McKee v. Garcelon,* 60 Me. 165, 11 Am. Rep. 200; *O'Kane v. Whelan,* 124 Cal. 200, 56 Pac. 880, 71 Am. St. Rep. 42. Mr. Freeman also, in this same section, says: "While the enforcement of the rule requiring a change of possession to accompany a transfer may occasion some hardship when the transaction is between relatives or others occupying the same premises, yet it ought to be remembered that it is between persons thus related or situated that a fraudulent or simulated transfer is most likely to be conceived and attempted to be made effective against creditors." In *Wheeler v. Selden,* 63 Vt. 429, 21 Atl. 615, 12 L. R. A. 600, 25 Am. St. Rep. 771, the court makes a similar observation.

The trial court apparently rested its decision solely upon the proposition that there was no immediate delivery of this gift and no continued or any change of possession. There is enough evidence in the record to justify the finding of the trial court, even though there may have been some conflict, that the donor was insolvent at the time of the gift and that the plaintiff bank was then a creditor. The defendant further contends that there was present a deliberate intent to defraud creditors, or fraud in fact. It is doubtful if that issue is raised by the pleadings, although the evidence responsive to the issues properly in the case, tends to show fraud in fact. We shall not, however, enter upon the investigation of this contention or definitely pass upon it, since our conclusion is that the gift is void under our statute. It is not inappropriate to say that there are some suspicious circumstances disclosed in the record which indicate an attempt of the donor to defraud existing, as well as subsequent, creditors, and if the issue as to fraud had been definitely raised below, we can not say that the judgment of the trial court might not have been also sustained because of an intent to defraud creditors.

The application for *supersedeas* is denied and the judgment of the court is affirmed.